ORIGINAL

Gilberto Benitez
NAME

K-18611
PRISON NUMBER

CSP-RJD  480 Alta Road,(F3-13-102UP)
CURRENT ADDRESS OR PLACE OF CONFINEMENT

San Diego,CA,

CITY, STATE, ZIP CODE
92179



2254 ✓ 1983
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ✓ No ___
COPIES SENT TO
Court ✓ ProSe



FILED

JAN 2 4 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Gilberto Benitez,                    ,
(FULL NAME OF PETITIONER)

### PETITIONER

v.

Robert Hernandez,et,el..          ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

### RESPONDENT
and

Bill Lockyer                      ,
The Attorney General of the State of
California, Additional Respondent.

Civil No '08 CV 0154 BTM BLM

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

### PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:

   Superior Court of California,County of San Diego

2. Date of judgment of conviction:
   May 16th,1996

3. Trial court case number of the judgment of conviction being challenged:
   SCD 111483

4. Length of sentence:
   28 years to life

CIV 68 (Rev. Jan. 2006)

CV

5. Sentence start date and projected release date:
   August 16th,1996   (release date unknowing)

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
   (1)H&S Code 11359 Possession of marijuana for sale
   (2)H&S Code 11360(a)Transportation Of marijuana
   (3)H&S Code 11366.8(a)For using a false Compartment

7. What was your plea? (CHECK ONE)

   (a) Not guilty        XX

   (b) Guilty            ☐

   (c) Nolo contendere   ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury              XX
   (b) Judge only        ☐

9. Did you testify at the trial?

   ☐ Yes ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    XX Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result:   AFFIRMED

    (b) Date of result (if known): May 01,2007.

    (c)  Case number and citation (if known): D-050535
    (d) Names of Judges participating in case (if known):
        Unknown

    (e) Grounds raised on direct appeal:
        1).The Superior Court (Trial Court)abused its discreation when it
           violated petitioner Benitez Due Process Guarantees and terms of
           his (1984)negotiated plea-agreement which informed petitioner that
           as part of the plea-agreement "HE WILL RECEIVE PARDON"if he shows
           a Certificate of Reabilitation,with no time restriction.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: DNIED.

    (b) Date of result (if known): July 18th,2007

    (c) Case number and citation (if known): S153494

    (d) Grounds raised:
        1).The Superior Court (Trial Court)abused its discreation when it
           violated petitioner Benitez Due Process Guarantees and terms of
           his (1984)negotiated plea-agreement which informed petitioner that
           as part of the plea-agreement "HE WILL RECEIVE PARDON"if he shows
           a Certificate of Reabilitation,with no time restriction.
           case #A-463392 (1984).

CIV 68 (Rev. Jan. 2006)

cv

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a)  Result:     N-A

    (b)  Date of result (if known):     N-A

    (c)  Case number and citation (if known):
                         N-A

    (d)  Grounds raised:
               N-A

## COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?

  ☐ Yes  ☐ No     N-A

**15.** If your answer to #14 was "Yes," give the following information:

    (a)  **California Superior Court** Case Number (if known):

    (b)  Nature of proceeding:     N-A

    (c)  Grounds raised:     N-A
        1).

    (d)  Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes ☒ No     N-A

    (e)  Result:

    (f)  Date of result (if known):
              N-A

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?

  ☐ Yes  ☐ No     N-A

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):

    (b) Nature of proceeding:

    (c) Names of Judges participating in case (if known)

    (d) Grounds raised:

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes ☐ No

    (f) Result:

    (g) Date of result (if known):

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☐ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): S153494

    (b) Nature of proceeding: PETITION FOR REVIEW

    (c) Grounds raised:
       1).The Superior Court(Trial Court)abused its discreation when it
          violated petitioner Benitez Due Process Guaranteen and terms of
          his(1984)plea-agreement which informed petitioner that as part of
          plea-agreement "HE WILL RECEIVED PARDON"if he shows a
          Certificate of Reabilitation,with no time restriction. case #
          A-463392 (1984)

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes ☒ No

    (e) Result:

    (f) Date of result (if known):

CIV 68 (Rev. Jan. 2006)

cv

**20.** If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:

N-A

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☐ Yes  ☒ No        (IF "YES" SKIP TO #22)

    (a)  If no, in what federal court was the prior action filed? Southern Dist.Court of Ca.
      (i)  What was the prior case number?  98-CV-1816-K(BEN)
      (ii)  Was the prior action (CHECK ONE):
            Denied on the merits?                   ☒
            Dismissed for procedural reasons?  ☐
      (iii)  Date of decision:  JUNE 6th,2002
    (b)  Were any of the issues in this current petition also raised in the prior federal petition?
      ☒ Yes  ☐ No
    (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
      ☐ Yes  ☒ No  "THIS IS A NEW APPEAL"

---

<u>CAUTION:</u>

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   **(a)** **GROUND ONE**: PETITIONER WAS DEPRIVED OF HIS 5th,6th,AND 14th AMENDMENT RIGHTS TO THE U.S.CONSTITUTION GUARANTEES,ALSO TO THE CALIFORNIA CONSTITUTION ARTICLE 1,Section 12,13,14,15,16.

   **Supporting FACTS**:
The Trial Court Abused its discreation when it violated petitioner Benitez DUE PROCESS GUARANTEES and terms of his (1984)negotiated plea-agreement which informed petitioner that as part of his agreement "HE WILL RECEIVED PARDON" if he shows a Certificate of Reabilitation,With no time restriction Case # A-463392(1984)

"THUS BREACHING THE CONTRACT ENTERED BY THE PETITIONER MR.BENITEZ AND THUS ALSO VIOLATING THE CONTRACT LAWS OF THE STATE OF CALIFORNIA.
PRIOR CONVICTION,PLEA-AGREEMENT CASE #A-463392)(1984).

   Did you raise **GROUND ONE** in the **California Supreme Court**?

   XX▢ Yes ▢ No.

   If yes, answer the following:

   (1)  Nature of proceeding (i.e., petition for review, habeas petition):
        Petition For Review
   (2)  Case number or citation:
        S153494
   (3)  Result (attach a copy of the court's opinion or order if available):
        Denied

CIV 68 (Rev. Jan. 2006)

-6-

cv

**(b) GROUND TWO:**

**Supporting FACTS:**

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition):

(2)    Case number or citation:

(3)    Result (attach a copy of the court's opinion or order if available):

**(c) GROUND THREE:**

**Supporting FACTS:**

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition):

(2)    Case number or citation:

(3)    Result (attach a copy of the court's opinion or order if available):

**(d)** ▮GROUND FOUR▮:


**Supporting FACTS:**


**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

    (1)    Nature of proceeding (i.e., petition for review, habeas petition):

    (2)    Case number or citation:

    (3)    Result (attach a copy of the court's opinion or order if available):

CIV 68 (Rev. Jan. 2006)

cv

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes   XX No

**24.** If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court:

    (b)  Case Number:

    (c)  Date action filed:

    (d)  Nature of proceeding:


    (e)  Name(s) of judges (if known):

    (f)  Grounds raised:




    (g)  Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes   XX No


**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing . . . . . . . .


    (b)  At arraignment and plea . . . . . . .
    John Stathis 233 "A"Street Suite #400
    San Diego,CA.92101.

    (c)  At trial . . . . . . . . . . . . . . . . . . . .
    Same as SUPRA

    (d)  At sentencing . . . . . . . . . . . . . .
    Same as SUPRA

    (e)  On appeal . . . . . . . . . . . . . . . . .
    Steven SHORR,5398 La Joya Drive,La Joya,CA.
    92037.
    (f)  In any post-conviction proceeding .
    Jerald L.Brainin,P.O.Box 66365
    Los Angeles,CA.90036.(before the Ninth Circuit)

    (g)  On appeal from any adverse ruling in a post-conviction proceeding:

        N-A

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☒ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☒ No

    (a) If so, give name and location of court that imposed sentence to be served in the future:

        N--A

    (b) Give date and length of the future sentence:

        N-A

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes  ☐ No

        N-A

**28.** Consent to Magistrate Judge Jurisdiction

    In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.  **OR**  ☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court:

January 16ᵗʰ, 2008.

CIV 68 (Rev. Jan. 2006)

-11-

cv

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

January 16th, 2008.                    _____

(DATE)                                              SIGNATURE OF PETITIONER

CIV 68 (Rev. Jan. 2006)                          -12-                                    cv

## EXPLANATION FOR THE DELAY OF THIS CLAIM

The reason of Petitioner for delay of this specific claim not brought forth until nine (9) years later, is due to the fact that Petitioner is a Pro-Se indigent inmate and it took for petitioner to act as a Pro-Se to investigate by mail correspon - dance to obtain help of a fellow inmate which is incarcerated at Delano State Prison. Due to the lack of knowledge of the State Laws, as well as the State Constitution Laws, nor U.S. Constitution Laws. Petitioner could not find a way to communicate within the prison where he is housed to try to go to the law library to help himself in research of this present claim with the help of a bilingual fellow inmate. Since the lack of edjucation and not having the ability to speak english language, (HE) the Petitioner could not make intelligent decision regarding the fundamental decision wether how this claim should be brought before this Honorable Court.

A fellow inmate is assisting Petitioner to write, type, and bring forth this petition before this Honorable Court.

This petition should be entertained on the merits and not be considered as a succesive petition because this Constitutional sentencing error claim were not presented before on petitioner's previous petitions that if it's heard on the merits peti - tioner could be taken back to court and released from custody.

Because there is a Constitutional sentencing error under the due process and equal protection of laws, under the 5th,6th and 14th Amendments rights guaranteed by the United States Constitution. Also California Constitution Article 1, sections 12,13, 14,15,16. This petition should be granted.

i

1    Petitionr contends that the doctrine of Res-Juricata does

2 not bar him for seeking relief after denial of a previous peti--

3 tion... unless there has been a change in the"facts or the law."

4 Before this Honorable Court will consider the merits of this --

5 petition, this Court should not consider this petition as a sec-

6 ond or successive petiton, this Court should first ask whether

7 there has been an Constitutional sentencing error under the due

8 process, and equal protection of law.

9    Petitioner contends this Honorable Court should entertain

10 this present petition considering the merits of this claim...

11 Also because Petitioner had no reason to believe that this pre-

12 sent claim might be made

13            at the time of his previous Habeas Petition by no

14 fault of his own, but for the misrepresentation of his Appellate

15 Counsel, Mr. Steven Shoor. Further, Petitioner also contends . --

16 that by alleging ineffective assistance of trial counsel in his

17 previous petition should justify the need to file this present

18 petition. Thus, granting this petition to avoid a fundamental

19 misscarriage of justice.

20    Petitioner is requesting this Honorable Court to consider

21 the facts on which this claim is bassed, although only recently

22 discovered, after a carefully and detailed research could and

23 should have been discovered earlier, but the ignorance on the

24 law and being unable to read nor write the english language was

25 one of the factors that stoped Petitioner of bringing this Cons-

26 titutional Sentencing error on a earlier stage of his previous

27 petition.

28

ii.

(b), (CT.1-3).

   A Jury Trial began on April 29, 1996. (CT.229.) On May 1, 1996, the jury found Petitioner guilty on all counts, 1,through 3. (CT. 147-149.). In bifurcated trial the court found true all prior conviction allegations. (CT.236).

   On August 16, 1996, Petitioner was sentenced to 25 years to life on count 1. On count 2. and 3. the court imposed sentences of 25 years to life on each count, but those terms were stayed pursuant to Penal Code section 654. Three one year prison terms were imposed for each of the prior prison terms, for a total State Prison term of 28 years to life. (CT.221).

   Petitioner filed a notice of appeal on September 6, 1996. (CT. 223), after he was convicted in the Superior Court of San-Diego County, Case No. SCD111483... On 5/15/97 the Court of Appeal of the State of California Forth Apellate District Division One, Case No. D026888, denial... The California Supreme Court denied the petition for review Case No. S061768, On July 23, 1997.

### Questions (Issues) Presented Before The Appellate Court.

### On Direct Appeal.

   1.) There was insufficient evidence to support Appellant's conviction of possession for sale.

   2.) The Trial Court has a Sua Sponte duty to instruct on a lesser included offence where no evidence supported a conviction for possession of mariauna for sale.

   3.) Appellants sentence constitutes cruel and unusual --

1  punishment.

2  ## Question (Issue) Presented Before The California

3  ## Supreme Court, On Petition for Review.

4   1. Does a 25 Year To Life Sentence Constitute Cruel and

5  Unusual Punisment where such sentence is imposed pursuant to

6  three strikes law bassed upon two prior strike convictions for

7  Robbery and a current conviction fo transportating marijuana and

8  possessing it for sale?.

9  ## Questions Issues Presented before The United

10  ## States District Court, Southern District of California

11  ## Case No. 98CV1816-K-(BEN).

12  **Ground One:**

13   Petitioner's Rights under the Vienna Convention on Consular

14  Relations under treaty made under United States Constitution Art.

15  V1,CI,2. April 24, (1963)(1970) 21 U.S.T. 79. T.I.A.S. No. 6820

16  (Emphasis Added).

17  **Ground Two:**

18   Trial Court wrongly tried petitioner without having jurisdi-

19  ction to prosecute him.

20  **Ground Three:**

21   Ineffective assistance of trial counsel.

22  **Ground Four:**

23   The Trial Court erred by failling to instruct the jury sua

24  sponte on simple possession as a lesser included offence of po-

25  ssession for sale of marijuana.

26  **Ground Five:**

27   Petitioners (1984) prior conviction case no. A-463392 was

28  constitutionally invalid to enhance his sentence.

1    On September 22, 2000, California State Prisoner Javier -

2  Mendez, AKA: Gilberto Benitez, filed an amended Federal Habeas

3  Petition pursuant to Title 28 U.S.C. section 2254.(CR-109;CR-14).

4  On June 26, 2002, the District Court denied the petition adopting

5  the Magistrate Judges report and recomendations, with prejudice.

6  (ER;CR-63.). Petitioner filed a timely notice of appeal on June

7  27, 2002. (ER 248-252;CR-64.).

8    On August 7, 2002, the District Court granted Petitioner's

9  request for a Certificate of Appealability as to the five (5)

10  issues listed above. (ER-225.) Case No. 98CV1816-K.(BEN).

11    **Questions Issues Presented Before The United**

12    **States Court Of Appeals For The Ninth Circuit**

13    **Case No. 02-56372**

14    On May 12, 2003. California State Prisoner Javier Mendez,

15  AKA: Gilberto Benitez, filed his Habeas Petition before the

16  United States Court of Appeal, for the Ninth Circuit... However

17  the Court denied the petition on/or about August 7, 2003... Pre-

18  senting the following questions (issues).

19  **Ground One:**

20    Petitioner's Rights under the Vienna Convention on Consular

21  Relations under treaty made under United States Constitution ART.

22  V1.CI.2. April 24, (1963)(1970) 21 U.S.T.77. T.I.A.S.No.6820 -

23  (Emphasis Added).

24  **Ground Two:**

25    Trial Court wrongly tried Petitioner without having Juris-

26  diction to prosecute him.

27  **Ground Three:**

28  Ineffective Assistance of Trial Counsel.

V

**Ground Four:**

The Trial Court erred by failing to instruct the Jury Sua-Sponte on simple possession as a lesser included offence of possession for sale of marijuana.

**Ground Five:**

Petitioner's (1984) prior conviction Case No. A-463392 was unconstitutional invalid to enhance his sentence.

On April 14, 2004 California State Prisoner Javier Mendez, AKA; Gilberto Benitez, filed in the Supreme Court of the United States, a petition for Writ of Certiorari... However, The United States Supreme Court denied the petition on/or about June 2004. Presenting the following Questions:

**Ground One:**

Petitionr's rights under the Vienna Convention on Consular relations under Treaty made under United States Constitution ART.V1,CI.2. April 24 (1963)(1970) 21 U.S.T. 77 T.I.A.S. No.6820 (Emphasis Added).

**Ground Two**

Trial Court wrongly tried Petitioner without having Jurisdiction to prosecute him.

**Ground Three:**

Ineffective Assistance of Counsel.

Trial Court erred by failing to instruct the Jury Sua Sponte on simple possession as a lesser offense of possession for sale of marijuana.

**Ground Five:**

Petitioner's (1984) prior conviction Case No. A-463392 was Unconstitutional invalid to enhance his sentence.

TABLE OF CONTENTS
------------------

PAGE

28 U.S.C.Sec.2254(d),----------------------------------------------3

Price V.Vincent,538 U.S.
634,638-39 123 S.Ct.1848
115 L.Ed.2d.877(2003)    ----------------------------------------3

Williams  V.Taylor,539 U.S.
362 405-06,120 S.Ct.1495,146
L.Ed.2d.389(2000)    ---------------------------------------4,4,4,5

Blackledge V.Allison,431 U.S.
63(1977)            --------------------------------------------15

Ricketts V.Adamson,483 U.S.
1,6,N.3(1987)       --------------------------------------------12

Lockyer V.Andrade,538 U.S.
63,71,123 S,Ct.1166,155 L.Ed.
2d.144(2003)        ------------------------------------------4,4

Lambert V.Blodgett,393 F.3d.943
978(9th Cir.2004)   ------------------------------------------4
United States V.Bronstein,623 F.2d.
1327,1329(9th Cir.1980)  ------------------------------------4

Bell V.Cone,535 U.S.685,694,
122 S.Ct.1843,152 L.Ed.2d.914(2002)  ----------------------4,4,14

United States V.De La Fuente,8 F.3d.
1333,1339(1993)         --------------------------------------13
Riggs V.Fairman,339 F.3d.1179,1183
(9th Cir.Mar.7th,2005)            --------------------------14
United States V.Hallam,472 F.2d.
168,169(9th Cir.1973)   ------------------------------------14
Mabry V.Johnson,467 U.S.504,509
510(1984 )          ------------------------------------------11
Richmond V.Lewis,506 U.S.40,50,
113 S.Ct.528,121 L.Ed.2d.411(1992) ---------------------------7
Clark V.Murphy,330 F.3d.1062,1067
(9th Cir.2003)      --------------------------------------------4

Santobello V.New York,404 U.S.
257(1971)           ----------------------------------------11,14
Fay V.Noia,372 U.S.371,
400(1963)           ----------------------------------------15
Early V.Packer,537 U.S.3,11,123
S.Ct.362,154 L.Ed.2d.263(2002) ------------------------------4

PAGE

Brown V.Poole,337 F.3d.1160,N.12
1162(9th Cir.2003)     --------------------------------------------12,14

Wiggins V.Smith,539 U.S.123 S.Ct.
2537,2539 .     -------------------------------------------------15

Newton V.Superior Court,803 F.2d.1051,1055
(9th cir.1984)     -------------------------------------------------7

I.N.S. V.ST.6YR,533 U.S.
289,322-23(2001)     ------------------------------------------12

Williams V.Taylor,539 U.S.362,405-06
120 S.Ct.1495,146 L.Ed.2d.389(2000) --------------------------4,4,4,5

Buckley VTerhune,441 F.3d.4826,
4838(9th Cir.2006)     ----------------------------------------12,13

People V.Toscano,20 Cal.Rptr.
3d.923(2dDist.Ct.App.2004) ------------------------------------13

Davis VWoodford,F.3d.4826,4838
(9th Cir.2006)     -------------------------------------------------12

CONSTITUTIONAL PROVITIONS:

CA.CONST.Art.1,Sections 12,13,14,15,16     ----------------------------1

U,S.CONST.5th,6th 14th Amendments     ----------------------------1

28 U.S.C.2254(d)     ----------------------------3

AEDPA     ----------------------------3

CA.Penal Code Sect.211     -------------------------------------------10

GILBERTO BENITEZ
CDC NO. K-18611: F3-13-102
CSP-RJD
480 ALTA ROAD
SAN DIEGO, CALIFORNIA 92179

IN:  PRO PER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERTO BENITEZ, | ) | COURT OF APPEAL NO. |
|        PETITIONER, | ) | D-050535 |
| | ) | |
| | ) | SUPERIOR COURT NO. |
|    V. | ) | SCD-111483 |
| | ) | |
| ROBERT J, HERNANDEZ, | ) | PETITION FOR WRIT OF HABEAS |
| WARDEN, | ) | CORPUS BY A PERSON IN STATE |
|        RESPONDENT. | ) | CUSTODY UNDER 28 U.S.C. § 2254 |

PETITIONER GILBERTO BENITEZ, A STATE PRISONER CURRENTLY

INCARCERATED AT CALIFORNIA STATE PRISON-RICHARD J. DONOVAN

CORRECTIONAL FACILITY, IN SAN DIEGO COUNTY, UNDER THE CUSTODY OF

SUPERINTENDENT, ROBERT J. HERNANDEZ, DUE TO A JUDGMENT OF

CONVICTION AND SENTENCE RENDERED BY THE CALIFORNIA SUPERIOR

COURT, AND  FOR SAN DIEGO COUNTY ON/OR ABOUT AUGUST 16th, 1996,

IN THE MATTER SCD 111483.

PETITIONER HEREBY RESPECTFULLY PRESENTS THIS PETITION FOR

WRIT OF HABEAS CORPUS BEFORE THIS HONORABLE COURT REQUESTING TO

GRANT THIS PETITION AS A RESULT OF SEVERAL CONSTITUTIONAL

VIOLATIONS THAT OCCURRED BEFORE AND AFTER THE JURY VERDICT OF

GUILTY WAS ANNOUNCED WHICH PETITIONER WAS DEPRIVED OF HIS FIFTH,

SIXTH AND FOURTEENTH AMENDMENTS CONSTITUTIONAL RIGHTS.

1  QUESTIONS (ISSUES) PRESENTED BEFORE THE SUPERIOR COURT ON A WRIT

2  OF ERROR CORAM NOBIS CASE NO. H.C. 18708.   SEE EXHIBIT "A"

3

4  ~~THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT VIOLATED PETITIONER~~

5  ~~BENITEZ DUE PROCESS GUARANTEES AND TERMS OF HIS "1984 NEGOTIATED~~
   ~~PLEA AGREEMENT" IN WHICH INFORMED PETITIONER BENITEZ THAT AS A~~
   ~~PART OF THE PLEA HE "WOULD NOT" BE FACING ANY FUTURE ENHANCEMENTS~~

6  ~~OF ANY KIND.~~

7                              I.

8  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT VIOLATED PETITIONER

9  BENITEZ DUE PROCESS GUARANTEES AND TERMS OF HIS "1984 NEGOTIATED
   PLEA AGREEMENT" IN WHICH INFORMED PETITIONER BENITEA THAT AS PART

10 OF THE PLEA AGREEMENT "HE WILL RECEIVE PARDON" IF HE SHOWS A
   CERTIFICATE OF REHABILITATION IN THIS SPECIFIC CONVICTION. CASE

11 NO. A-463392 (1984) WITH NO TIME RESTRICTION.

12 QUESTIONS (ISSUES) PRESENTED BEFORE THE FOURTH APPELLATE DISTRICT

13 COURT OF CALIFORNIA DIVISION ONE ON DIRECT APPEAL CASE NO.

14 D-050535.   SEE EXHIBIT "B"

15

16 ~~THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT VIOLATED PETITIONER~~
   ~~BENITEZ DUE PROCESS GUARANTEES AND TERMS OF HIS "1984 NEGOTIATED~~

17 ~~PLEA AGREEMENT" IN WHICH INFORMED PETITION BENITEZ THAT AS A~~
   ~~PART OF THE PLEA HE "WOULD NOT" BE FACING ANY FUTURE ENHANCEMENTS~~

18 ~~OF ANY KIND.~~

19                             I.

20 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT VIOLATED PETITIONER
   BENITEZ DUE PROCESS GUARANTEES AND TERMS OF HIS "1984 NEGOTIATED

21 PLEA AGREEMENT" IN WHICH INFORMED PETITIONER BENITEZ THAT AS PART
   OF THE PLEA AGREEMENT "HE WILL RECEIVE PARDON" IF HE SHOWS A

22 CERTIFICATE OF REHABILITATION IN THIS SPECIFIC CONVICTION. CASE
   NO. A-463392 (1984) WITH NO TIME RESTRICTION.

23

24 QUESTIONS (ISSUES) PRESENTED BEFORE THE SUPREME COURT OF

25 CALIFORNIA. CASE NO. S-153494.   SEE EXHIBIT "C"

26

27 ~~THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT VIOLATED PETITIONER~~

28 ~~BENITEZ DUE PROCESS GUARANTEES AND TERMS OF HIS "1984 NEGOTIATED~~

1  ~~PLEA AGREEMENT" IN WHICH INFORMED PETITIONER BENITEZ THAT AS A~~

2  ~~PART OF THE PLEA HE "WOULD NOT" BY FACING ANY FUTURE ENHANCEMENTS~~
~~OF ANY KIND.~~

3  I.

4  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT VIOLATED PETITIONER

5  BENITEZ DUE PROCESS GUARANTEES AND TERMS OF HIS "1984 NEGOTIATED
PLEA AGREEMENT" IN WHICH INFORMED PETITIONER BENITEZ THAT AS PART

6  OF THE PLEA AGREEMENT "HE WILL RECEIVE PARDON" IF HE SHOWS A
CERTIFICATE OF REHABILITATION IN THIS SPECIFIC CONVICTION. CASE

7  NO. A-463392 (1984) WITH NO TIME RESTRICTION.

8

9  THIS HONORABLE COURT SHOULD GRANT THE WRIT BECAUSE THE

10 CALIFORNIA'S LOWER COURTS HAD FAILED TO REACH ON THE MERITS OF

11 THIS ISSUES NOW PRESENTED BEFORE THIS COURT.

12      PETITIONER CONTENDS THAT THE ANTITERRORISM AND EFFECTIVE

13 DEATH PENALTY ACT OF 1996 (HEREINAFTER ("AEDPA"), BECAME EFFECTIVE

14 ON APRIL 24, 1996, CLEARLY STATES THAT:

15      WHEN A STATE COURT ADJUDICATES A CLAIM ON THE MERITS, THE

16      AEDPA BARS FEDERAL HABEAS CORPUS RELIEF ON THAT CLAIM(S)

17      UNLESS THE STATE-COURT ADJUDICATION WAS EITHER (1)

18      CONTRARY TO, OR INVOLVED AN UNREASONABLE APPLICATION OF,

19      CLEARLY ESTABLISHED FEDERAL LAW, AS DETERMINED BY THE U.S.

20      SUPREME COURT", OR (2) "BASED ON AN UNREASONABLE

21      DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE

22 PRESENTED IN THE STATE COURT PROCEEDING". 28 U.S.C. § 2254(d);

23 PRICE V. VINCENT, 538 U.S. 634, 638-39, 123 S.CT. 1848, 155 L.Ed.

24 2d 877 (2003).

25      A STATE COURT DECISION IS "CONTRARY TO" FEDERAL LAW IF IT

26 EITHER "APPLIES A RULE THAT CONTRADICTS THE GOVERNING LAW" AS SET

27 FORTH IN SUPREME COURT OPINIONS, OR REACHES A DIFFERENT DECISION

28 FROM A SUPREME COURT OPINION WHEN CONFRONTED WITH MATERIALLY

1 INDISTINGUISHABLE FACTS. SEE WILLIAMS v. TAYLOR, 529 U.S. 362,

2 405-06, 120 S.CT. 1495, 146 L.Ed.2d. 389 (2000); ACCORD IN BELL

3 v. CONE, 535 U.S. 685, 694,122 S.CT. 1843, 152 L.Ed.2d. 914

4 (2002); CLARK v. MURPHY, 330 F.3d. 1062, 1067 (9TH Cir. 2003). A

5 STATE COURT MAKES AN "UNREASONABLE APPLICATION" OF FEDERAL LAW IF

6 THE STATE COURT IDENTIFIES THE CORRECT GOVERNING LEGAL PRINCIPLE

7 FROM THE SUPREME COURT'S DECISIONS BUT UNREASONABLY APPLIES THAT

8 PRINCIPLE TO THE FACTS OF THE PRISONER'S CASE. SEE WILLIAMS v.

9 TAYLOR, SUPRA, 529 U.S. AT 413; BELL v. CONE, SUPRA, 535 U.S. at

10 694; ACCORD LOCKYER v. ANDRADE, 538 U.S. 63, 71, 123 S.CT. 1166,

11 155 L.Ed.2d. 144 (2003).

12      UNDER "(AEDPA DOES REQUIRE A FEDERAL HABEAS COURT TO ADOPT

13 ANY ONE METHODOLOGY IN DECIDING THE QUESTION THAT MATTERS UNDER

14 §2254(d)(1) WHETHER A STATE COURT DECISION IS CONTRARY TO, OR

15 INVOLVED IN AN UNREASONABLE APPLICATION OF, CLEARLY ESTABLISHED

16 FEDERAL LAW)".

17      IT IS CLEAR THAT IN THIS PRESENT CASE, THE STATE COURTS

18 DECISIONS WAS INCORRECT APPLYING CLEARLY ESTABLISHED FEDERAL LAW

19 ERRONEOUSLY AND INCORRECTLY, THAT APPLICATION WAS ALSO

20 UNREASONABLE, AS THE U.S. SUPREME COURT STATE IN WILLIAMS v.

21 TAYLOR, SUPRA, 529 U.S. at 411; ACCORD LOCKYER v. ANDRADE, SUPRA

22 538 U.S. at 75-76; EARLY v. PACKER, 537 U.S. 3, 11, 123 S.CT.

23 362, 154 L.Ed.2d. 263 (2002); BELL v. CONE, SRPRA, 535 U.S. at

24 694; LAMBERT v. BLODGETT, 393 F.3d 943, 978 (9TH Cir. 2004).

25      IN THIS PRESENT CASE THE SUPERIOR COURT DECISION, NOR THE

26 FOURTH APPELLATE DISTRICT COURT DIVISION ONE, CONTRADICTS THE

27 GOVERNING LAW BECAUSE ITS DECISIONS WAS "CONTRARY TO" FEDERAL LAW

28 AND UNREASONABLE ALSO... THE CALIFORNIA SUPREME COURT HAS

1  DEPRIVED PETITIONER BENITEZ OF HIS CONSTITUTIONAL RIGHT TO HAVE

2  AN ANSWER WITHIN THE STANDARD OF REVIEW OF ITS COURT, BECAUSE THE

3  CALIFORNIA SUPREME COURT IS THE ONLY ONE THAT CAN FORM THE BASIS

4  JUSTIFYING HABEAS RELIEF. "BUT" THESE CLAIMS ON WHICH PETITIONER

5  SEEK TO RELY ARE WITHIN THE PRINCIPLES FOUND IN THE HOLDINGS OF

6  THE U.S. SUPREME COURT DECISIONS. UNDER AEDPA, "CLEARLY

7  ESTABLISHED FEDERAL LAW" IS THE GOVERNING LEGAL PRINCIPLE OR

8  PRINCIPLES SET FORTH BY THE U.S. SUPREME COURT AT THE TIME THE

9  STATE COURTS RENDERED ITS DECISIONS. SEE LOCKYERv. ANDRADE, SUPRA

10  531 U.S. at 71; SEE ALSO WILLIAMS v. TAYLOR, SUPRA, 529 U.S. at

11  412.

12      PETITIONER CONTENDS THAT A STATE COURT'S FAILURE TO CITE

13  ANY FEDERAL LAW IN ITS DECISIONS NOR OPINIONS DOES NOT RUN AFOUL

14  OF AEDPA. IN FACT, "ITS FAILURE IN THIS PRESENT CASE IS THAT THE

15  REASONING NOR THE RESULT OF THE STATE COURT DECISIONS CONTRADICTS

16  THEM". APPLYING THE SAME CONSTITUTIONALLY SUFFICIENT REVIEW IT

17  USED IN EARLIER CASES OF CONTRARY INDICATIONS.

18      HERE, AEDPA'S DOES NOT BAR PETITIONER BENITEZ TO HAVE AN

19  ANSWER UNDER THE CALIFORNIA SUPREME COURT STANDARD OF REVIEW, OR

20  ANY LOWER STATE COURT ON THE MERITS.

21      THE CALIFORNIA SUPREME COURT UNREASONABLE AND CONTRARY TO

22  ESTABLISHED U.S. SUPREME COURT LAW REJECTED CLAIM ONE ~~AND TWO.~~

23  ~~IN PETITIONER'S CLAIM ONE, HE ARGUES THAT THE TRIAL COURT ABUSED~~

24  ~~ITS DISCRETION WHEN IT VIOLATED PETITIONER BENITEZ DUE PROCESS~~

25  ~~GUARANTEES AND TERMS OF HIS (1984) NEGOTIATED PLEA AGREEMENT CASE~~

26  ~~NO. A-463392 IN WHICH INFORMED PETITIONER MR. BENITEZ AS A PART~~

27  ~~OF THE PLEA, "HE WOULD NOT" BE FACING ANY FUTURE ENHANCEMENTS OF~~

28  ~~ANY KIND. SEE EXHIBIT "A", BOX NO. 3, AND THE PROSECUTOR'S~~

1 ~~SIGNATURE AT BOX NO. 20~~.

2     IN PETITIONER'S CLAIM ONE, HE ARGUES THAT THE TRIAL COURT

3 ABUSED ITS DISCRETION WHEN IT VIOLATED PETITIONER BENITEZ DUE

4 PROCESS GUARANTEES AND TERMS OF HIS (1984) NEGOTIATED

5 PLEA-AGREEMENT IN WHICH INFORMED PETITIONER BENITEZ THAT AS PART

6 OF THE PLEA-AGREEMENT "HE WILL RECEIVE PARDON" IF HE SHOWS A

7 CERTIFICATE OF REHABILITATION IN THIS SPECIFIC CONVICTION CASE

8 NO. A-463392 (1984) WITH NO TIME RESTRICTION. SEE EXHIBIT "D",

9 BOX NO. 87.

10     HERE, THE REPORTER'S TRANSCRIPTS FROM THE COURT IN (1984)

11 PLEAD CONVICTION MAKES IT CLEAR THAT PETITIONER BENITEZ DID IN

12 FACT PLEAD GUILTY IN 1984 IN EXCHANGE THE BENEFITS AT THAT

13 CONTRACT, AS THIS HONORABLE COURT CAN NOTICE IN,

14     EXHIBIT "D", BOX NO. 87. ON THE RECORD, PETITIONER

15 BENITEZ WAS ADVISED AND THE COURT IN (1984) MADE THE FINDING AND

16 ORDERED THAT PETITIONER MR. BENITEZ "WILL RECEIVED PARDON" IF HE

17 SHOWS A CERTIFICATE OF REHABILITATION IN THIS SPECIFIC CONVICTION

18 CASE NO. A-463392 (1984), WITH NO TIME RESTRICTION.

19     PETITIONER BENITEZ RESPECTFULLY REQUEST THIS HONORABLE

20 COURT TO GRANT THIS PETITION FOR WRIT OF HABEAS CORPUS FOLLOWING

21 THE DENIAL EN-BANC FROM THE CALIFORNIA SUPREME COURT, CASE NO.

22 S153494. SEE EXHIBIT "C". ALSO, BECAUSE THE FORTH APPELLATE

23 DISTRICT COURT, DIVISION ONE, DISMISSED THE APPEAL. APPEAL NO.

24 D-050535, IN WHICH THE APPELLATE COURT STATED THAT THE REASON FOR

25 DISMISSING THE APPEAL WAS BECAUSE THE SUPERIOR COURT TREATED

26 PETITIONER'S ME. BENITEZ "PETITION FOR WRIT OF ERROR CORAM NOVIS"

27 AS A PETITION FOR WRIT OF HABEAS CORPUS, CASE NO. H.C. NO. 18708.

28 SEE EXHIBIT "A".

1    PETITIONER BENITEZ CONTENDS THAT THE MISAPPLICATION OF

2    SUPERIOR COURT DECISION NOR THE MISAPPLICATION OF THE FOURTH

3    APPELLATE DISTRICT COURT, DIVISION ONE, OF STATE APPELLATE LAW

4    PROCEDURE, AND ALSO THE CALIFORNIA SUPREME COURT DECISION IN

5    EN-BANC HAS RESULTED IN PETITIONER BENITEZ DUE PROCESS

6    VIOLATION ONLY OF ARBITRARY AND CAPRICIOUS, OR FUNDAMENTAL UNFAIR

7    SEE RICHMOND v. LEWIS, 506 U.S. 40, 50, 113 S.CT. 528, 121 L.Ed.

8    2d. 411 (1992); NEWTON v. SUPERIOR COURT, 803 F.2d. 1051, 1055

9    (9TH Cir. 1984).

10    PETITIONER DID NOT ALLEGES ARBITRARINESS OR DISCRIMINATION

11    SIMPLY, THAT NO REASONABLE SENTENCER (TRIAL COURT) SHOULD HAVE

12    FOUND ANY FACTORS TO HAVE CONSTRUED A WRIT OF ERROR CORAM NOVIS,

13    AS IF IT WAS A PETITION FOR WRIT OF HABEAS CORPUS. SEE EXHIBIT"A"

14    THE DISMISSAL OF THE APPELLATE COURT DISTRICT, DIVISION

15    ONE, AS FILED ON MAY 1st, 2007. A COPY OF THE DECISION IS

16    ATTACHED AS EXHIBIT "B".

17    PETITIONER CONTENDS THAT THE FORTH APPELLATE DISTRICT COURT,

18    DIVISION ONE, SHOULD HAVE ENTERTAINED HIS PETITION OF CORAM NOVIS

19    AND NOT DISMISSED IT AS IT DID. THE APPELLATE COURT ERRED BY

20    DISMISSING THE PETITION OF CORAM NOVIS BECAUSE IT RAISED A PRIMA

21    FACIE CASE, WHICH RELIEF MAY BE OBTAINED IN APPEAL.

22    THE SUPERIOR COURT CONSTRUED PETITIONER'S CORAM NOVIS

23    PETITION AS A HABEAS CORPUS. EVEN THOUGH SUCH ANALYSIS WAS

24    INCORRECT, THE SUPERIOR COURT SHOULD HAD ALLOWED PETITIONER TO

25    PRESENT HIS PETITION OF ERROR CORAM NOVIS AS HE PRESENTED, AND

26    NOT AS A HABEAS CORPUS PETITION... THE SUPERIOR COURT ERRED

27    BECAUSE IT CLEARLY STATED BY ITS OWN WORDS IN ITS ORDER DENYING

28    THE PETITION AS FOLLOWS:

7

THE COURT: "ORDER DENYING PETITION FOR WRIT OF ERROR CORAM

NOVIS". SEE (EXHIBIT "A", CAPTIONING ON PAGE NO. 1.)

BY DOING SO, THE SUPERIOR COURT DENIED A PETITION FOR WRIT OF

ERROR CORAM NOVIS, AND NOT A HABEAS CORPUS PETITION.

IN A LETTER FROM THE FOURTH APPELLATE DISTRICT COURT,

DIVISION ONE, TO PETITIONER BENITEZ THE COURT STATE AS FOLLOWS:

THE COURT: "THE COURT IS NOTIFYING MR. BENITEZ THAT THE RECORD ON

APPEAL HAS BEEN FILED THAT DATE, AND ASSIGNED THIS NUMBER

D-050535". SEE EXHIBIT "C".

PETITIONER CONTENDS THAT THERE IS NOTHING IN THE HABEAS

CORPUS JURISPRUDENCE THAT COULD INDICATE THAT CONGRESS INTENDED

TO  ALLOW A SUPERIOR COURT TO REVIEW A PETITION FOR WRIT OF ERROR

CORAM NOVIS AND RENDER ITS DECISION UNDER HABEAS CORPUS

JURISDICTION...THAT PRACTICE IS ERRONEOUS AND INCORRECT... THIS

HONORABLE COURT SHOULD GRANT THIS PETITION, STRIKING HIS "1984

PRIOR CONVICTION" CASE NO. A-463392.  SEE EXHIBIT "D" BOX NO. 87.

IN THE SENSE THAT THE SUPERIOR COURT EQUIVOCALLY HAD TREATED A

PETITION FOR WRIT OF ERROR CORAM NOVIS, AS IF IT WAS A PETITION

FOR WRIT OF HABEAS CORPUS, HAD DEPRIVED PETITIONER MR. BENITEZ OF

THE MOST UNIVERSALLY RECOGNIZED REQUIREMENT OF DUE PROCESS. IN

THIS PRESENT CASE, THE LOWER STATE COURTS SUPERIOR COURT,

APPELLATE COURT,  NOR CALIFORNIA SUPREME COURT HAD FAILED TO

ALLOCATE THE RESOURCES NECESSARY TO FULLY HEAR, CONSIDER, AND

CAREFULLY DECIDE AND RESPECT THE POWER AND JURISDICTION THAT

EVERY EXTRAORDINARY WRIT HAVE...WHICH IN THIS PRESENT CASE WAS A

WRIT OF ERROR CORAM NOVIS.

FINALLY, PETITIONER PRAYS THAT FOR ALL THE MENTIONED

ABOVE, THIS HONORABLE COURT GRANT THIS PETITION. STRIKING HIS

1    "~~1984 PRIOR CONVICTION~~" ~~CASE NO. A-463392, NOR INSTRUCTING THE~~

2    ~~FOURTH APPELLATE DISTRICT COURT, DIVISION ONE, TO RESOLVE HIS~~

3    ~~APPEAL ON THE MERITS . ALSO AS THIS COURT DEEM JUST AND~~

4    ~~APPROPRIATE AND IN THE INTEREST OF JUSTICE.~~

5    //
6    //
7    //
8    //
9    //
10   //
11   //
12
13   //
14   //
15   //
16   //
17   //
18   //
19   //
20   //
21   //
22   //
23   //
24   //
25   //
26   //
27   //
28   //

THE TRIAL COURT ABUSED ITS DISCRETION
WHEN IT VIOLATED PETITONER BENITEZ DUE
PROCESS GUARANTEES AND TERMS OF HIS
(1984) NEGOTIATED PLEA-AGREEMENT WHICH
INFORMED PETITIONER BENITEZ THAT AS
PART OF THE PLEA-AGREEMENT "HE WILL
RECEIVE PARDON" IF HE SHOWS A CERTIFI-
CATE OF REHABILITATION IN THIS SPECIFIC
CONVICTION. 1984 CASE NO. A-463392.
WITH NO TIME RESTRICTION.


DISCUSSION

I.

Petitioner contends that the trial court violated Due Pro-
cess clause when it counted his 1984 prior conviction Case No.
A-463392. P.C. 211. as a "Strike" because it breached the (1984)
Plea-Agreement.

In 1984 the state expressly agreed to consider the convic-
tion under the plea-agreement, stating taht once the petitioner
can show that he had completed the rehabilitation program as the
plea-agreement reads...The petitioner will receive pardon if he
shows to the Superior Court a Certificate of Rehabilitation. See
(Exhibit "d" Box no. 87.)  Furthermore, the Superior Court as
part of the Plea-Agreement as a whole States that once the pet-
itioner can show the Certificate of completion...The Conviction
would no longer reflect on petitoner's record. See (Exhibit "d"
Box no. 87.)  Also the Court did not puted any time restriction
in order to get the certificate of rehabilitation.

Petitioner Benitez is presenting his certificate of recogn-
ition which certify that he had completed his participation in
the Alcholics Narcotics Anonymous self Help Group. See (Exhibit
"€".)

This specific claim is based on clearly established Supreme

1    Court precedent, see **Santobello v. New york**, **supra**, 404 U.S. 257

2    (1971), within the meaning of 28 U.S.C. § 2254(d)(1).

3        This Honorable Court should grant this petition reversing

4    the conviction not allowing the prosecution to use it as "Strike"

5    by doing so, avoiding a fundamental miscarriage of justice.

6        In **Santobello**, The Supreme Court held that the government

7    is bound by plea-agreements and  that, when a plea rests is any

8    significant degree on a promise or agreement of the prosecutor,

9    so that it can be part of the inducement or consideration, such

10   promise must fulfilled." 404 U.S. at 262.

11       The question presented by Petititioner Benitez before this

12   Honorable Court is that the state promised him that as part of

13   the plea-agreement he would "receive pardon" if he shows that

14   he had completed a rehabilitation program...The (1984) Prior con-

15   viction Case No. A-463392, would no longer reflect on petitioner's

16   record.  By doing so, the (1984) prior conviction should no

17   longer count as strike.

18       Furthermore, the only further order from the court reads as

19   follows:  .

20   BOX # 87.'      PAY $100 RESTITUTION FINE PURSUANT TO GOV'T
                     CODE 1367(A).
21
                     LOW TERM SENTENCE PURSUANT TO CASE SETTLEMENT.
22
                     WRITTEN NOTICE SERVED RE-CERTIFICATE OF
23                   REHABILITATION PLUS PARDON.

24       Petitioner Benitez contends that his (1984) plea-agreement

25   was induced by  the promise. see **Mabry v. Johnson**,**supra**, 467 U.S.

26   504, 509-510 (1984)(Clarifying that a **Santobello** claim requires

27   the plea to be induced by the prosecutor's promise).

28       Accordingly, in the context of the sentencing minute order

                                  11

1  the court ordered that petitioner will receive pardon if he can

2  show with a certificate that he attended rehabilitation. See

3  (Exhibit "d" Box No. 87.) In exchanged for his guilty plea.

4  In these circumstances, the plea-agreement conviction was promi-

5  ssory in nature. .

6     Petitioner contends that it is clear that because the pro-

7  secutor's promise played a big role in petitioner's decision to

8  plea guilty...This Court should make a carefully and detailed

9  review of the sentencing minute order. See **INS v. ST. 6Yr**, 533

10 U.S. 289, 322-23(2001).  Evenmore, the benefits of the bargain

11 to petitioner Benitez were the relatively short prison term and

12 the fact that he would receive pardon, as part of the courts

13 order. See (Exhibit "d" Box 87.)

14     As agreeing with the language of the plea-agreement and the

15 nature of the offense, parole conditions, and the promise that

16 petitioner should have pardon once he can show to the court that

17 he had completed rehabilitation had no bearing on Petitioner

18 Benitez decision to plead guilty would be an unreasonable finding

19 of fact and law within the meaning of 28 U.S.C. § 2254(d)(2).

20 See  **Davis v. Woodford**, (2006) F.3d. 4826, 4838 (9th Cir. 2006)

21 Under AEDPA, the reviewing court must consider whether each state

22 nor federal court's decision is consistent with a proper applic-

23 ation of state law nor application of federal law in interpreting

24 the plea-agreement, if not, the decision is unreasonable appli-

25 cation of clearly established law.  See **Buckley v. Terhune**, 441

26 F.3d. 688, 694-95 (9th Cir. 2006)(ENBANC); **Brown,supra**, 337 F.3d.

27 at 1160 N.2; Also see **Ricketts v. Adamson**, 483 U.S. 1, 6, N: 3

28 (1987).

1    In this present case the plea-agreement did not merely in-

2    corporate existing law by reference.  Rather, it included a spe-

3    cific promise about how (1984) conviction would be placed in

4    petitioner Benitez criminal record as a result of the guilty plea.

5    Under California law, a contract must be interpreted so as

6    "to give effect to the mutual intention of the parties as it

7    existed at the time of contracting". See CA. Civ. Code section

8    1636.  The prosecutor unequivocally agreed to the language of

9    the contract (plea barban) and to the judge order that if peti-

10    tioner would show a certificate of completion rehabilitation

11    would receive pardon on the (1984) conviction.  Any such ambi-

12    guily should  be resolved in petitioner's facor.  see, **Buckley**,

13    **supra**, 441 F.3d. at 698; **People v. Tosccano**, 20 Cal.Rptr. 3d.

14    923, (2nd Dist. CT. App. 2004).  As a matter of California con-

15    tract law petitioner's certificate of rehibilitation should be

16    accepted as a court order as part of the plea-agreement, and by

17    doing so, the (1984) prior conviction case No. A-463392 should

18    not be count as a strike. See (exhibit "d" box #87.)

19    This Honorable Reviewing Court should construe the plea-

20    agreement using the ordinary rules of contract interpretation,

21    because "Plea-Agreements are contractual in nature and are mea-

22    sured by contract standards". See **United States v. De La Fuente**,

23    8 F.3d. 1333, 1339 (1993.)  The terms of oral plea-agreements

24    are enforceable, as are those of any other contracts.

25    This Honorable Court should grant this petition and order

26    the immediate release of petitioner Benitez...After serving ten

27    (10) years in prison...Having already served six (6) years longer

28    that the original range sentence that the current conviction

13

1  carry it.  see (Exhibit "F" charge No. 1 HS 11360(A))

2  In a similar case where the defendant had already served more

3  time than she would have under the terms of her plea-agreement,

4  the Court released her. See **Brown v. Poole**,**supra**, 337, F.3d. 1155

5  1160, 1162 (9th Cir. 2003); **Riggs v. Fairman**,**supra**, 339 F.3d.

6  1179, 1183 (9th Cir. Mar, 07, 2005).

7      The question is whether the additional concession are binding

8  Petitioner Benitez's Due Process rights conferred by the federal

9  Constitution allow Mr. Benitez to enforce the terms of the plea-

10  agreement.  See, **Santobello v. New York**,**supra**, 404 U.S. 257, 262.

11      When a plea rest in any significant degree on a promise or

12  agreement from the prosecutor and or from the court, such promise

13  should be fulfilled.  see **United States v. Hallam**,**supra**, 472

14  F.2d. 168, 169 (9th Cir. 1973.).  Furthermore, the intent of the

15  parties becomes clear upon an examination of the language of the

16  plea-agreement during the plea colloguy.  see **United States v.**

17  **Bronstein**, 623 F.2d. 1327, 1329 (9th Cir. 19800.) As a matter

18  of law, The contract includes the disputed and consequences.

19      These terms, plainly incorporated in the plea-agreement by

20  operation of law, were ambiguous...This Honorable reviewing court

21  should apply the objective standard for construing their meaning

22  **Santobello** requires that the plea-agreement be contrued accord-

23  ingly to state contract law, and requires that the terms of a

24  valid plea-agreement be enforced.

25      The AEDPA. Therefore does not bars petitioner Mr. Benitez's

26  claim.  See 28 U.S.C. section 2254(d)(1); **Bell v. Cone**,**supra**,

27  535 U.S. 685, 694 (2002).

28      State Courts or Federal Courts should grant under AEDPA's

14

1   unreasonable application'clause if the State or Federal Courts

2   unreasonable applies the governing legal principles to the facts

3   of this particular case. See **Wiggins v. Smith**,**supra**, 539 U.S.

4   _____, 123 S.Ct. 2537, 2539.

5       Petitioner Mr. Benitez, has served the agreed-upon prison

6   term for his 1984 crime, and more...

7   The oldest purpose of the Great Writ is as a swift and imperative

8   remedy in all cases of illegal restraint of confinement. See.

9   **Fay v. Noia**,**supra**, 372 U.S. 391, 400 (1963); **Blackledge v. Allison**

10  **Supra**, 431 U.S. 63, (1977).

11      Finally, Petitioner prays that this Honorable Court reverse

12  his sentence because the trial court has breached the 1984 plea-

13  agreement.  Also because there is a violation of petitioners

14  constitutional rights.  By doing so, avoiding a miscarriage of

15  Justice.  Or as This Court deem just and appropiate in the inter-

16  est of Justice.

17

18                                  Respectfully Submitted:

19

20

21                                  Gilberto Benitez

22                                  In-Pro Per.

23  Dated JAN. 16TH        , 2008.

24

25

26  ///

27  ///

28  ///

                                15

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA       )
                          ) SS
COUNTY OF  SAN DIEGO )

[C.C.P. §§ 446, 2015.5; 28 U.S.C. §1746]

       I, GILBERTO BENITEZ     , am a resident of the State of California and am over the age of eighteen years and am not a party to the above-entitled action.  My address is listed below.

      On January 16ᵀᴴ, 2008   , I served the following documents:

Petition For Writ of Habeas Corpus.
Under 28 U.S.C.2254
By A Person in State Custody

Motion And Declaration Under
Penalty Of Perjury In Support
Of Motion To Proceed IN Forma
Pauperis

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the Institution's internal legal mail system at San Diego California, addressed as follows::

United States District Court
Southern District Of California
Office Of The Clerk
880 Front Street,Suite #4290
San Diego,CA,92101-8900

Office Of The Attorney General
110 West "A"Street,Suite 1100
San Diego,CA.92101

      I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed in the County of San Diego, California on January 16ᵀᴴ, 2008

Gilberto Benitez K-18611

C.S.R.J.D. 480 Alta Road

San Diego,CA.92179  (F3-13-102UP)

Gilberto Benitez     _Gilberto Benitez_
            Declarant

Pursuant to the holding of the United States Supreme Court in Houston v. Lack 108 S. Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.

# EXHIBIT A

F I L E D

Clerk of the Superior Court

JAN 1 0 2007

By:_____,Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF: | ) | HC 16083 – 4th Petition |
| | ) | HC 18708 |
| | ) | SCD 111483 |
| | ) | |
| JAVIER MENDEZ VELAZQUEZ, | ) | ORDER DENYING PETITION |
| | ) | FOR WRIT OF ERROR CORAM NOBIS |
| a.k.a. GILBERTO BENITEZ | ) | |
| | ) | |
| Petitioner. | ) | |

AFTER REVIEWING THE PETITION FOR WRIT OF ERROR CORAM NOBIS AND
THE FILE IN THE ABOVE REFERENCED MATTER, THE COURT FINDS:

Even though Petitioner has filed what he believes to be a petition for a writ of error
coram nobis, the Court considers it to be yet another habeas corpus petition which it denies for
the following reasons.

First, it is appropriate to set forth the background of this case and Petitioner's extensive
history of filing numerous appeals and collateral attacks even though this case has long been
completed.

On May 1, 1996, a jury found Petitioner guilty of transporting more than 28.5 grams of
marijuana (Health & Safety Code § 11360(a)), possession of marijuana for sale (Health & Safety
Code § 11359), and using a false compartment to smuggle drugs (Health & Safety Code
11366.8(a)). On that same date, the court found true three prison priors (Penal Code § 667.5(b))
and two strike priors (Penal Code § 667(b)-(i). On or about August 16, 1996, Petitioner was

-1-

sentenced to a total term of 28 years to life.

Petitioner filed a timely notice of appeal, arguing (1) insufficiency of the evidence to support a conviction for possession for sale; (2) failure to instruct on simple possession; and (3) failure to strike his prior convictions on the grounds that the three-strikes law violated the ban against cruel and unusual punishment. Finding these contentions without merit, the Fourth District Court of Appeal affirmed the conviction on May 15, 1997, in an unpublished opinion under case number D026888.

Then, more than three years after sentencing and two years after the above-noted opinion was issued, Petitioner filed his first petition for writ of habeas corpus in Superior Court on October 13, 1999, arguing that he was denied effective assistance of appellate counsel. Specifically, petitioner argued that counsel failed to (1) attack his *Miranda* violation, (2) challenge an illegal search and seizure, (3) challenge his prior convictions, including a juvenile adjudication, and (4) argue application of the three-strikes law violated ex post facto and due process principles and were a violation of his plea agreement in his 1984 robbery case. This petition was denied by a court order issued on November 30, 1999.

Petitioner subsequently filed a second petition for writ of habeas corpus in Superior Court, this time arguing that he was denied effective assistance of *trial* counsel. He contended this attorney failed to attack his 1984 robbery conviction on the grounds that (1) he was not afforded an interpreter, (2) that the conviction did not qualify as a strike, and (3) that the plea form did not have a file date, court seal, or a judge's, clerk's, or interpreter's signature. That petition was denied on December 27, 1999.

Petitioner then moved to the federal courts to present his collateral attacks, filing a habeas corpus petition in the United States District Court, raising issues of the Vienna Convention, lack of jurisdiction and ineffective assistance of counsel. That petition was denied on January 30, 2001. On August 7, 2003, the United States Court of Appeals, Ninth Circuit, denied yet another habeas corpus petition which had raised the same issues of the Vienna Convention, lack of jurisdiction, and ineffective assistance of counsel.

Petitioner returned to the Superior Court with this third habeas corpus petition in which

he challenged the $500 restitution order imposed at the time of sentencing, claiming that the trial court was required to consider his inability to pay. On March 23, 2004, that Petition was denied for numerous reasons: (1) This issue could have, and should have, been raised on appeal; (2) The law prohibits the filing of successive petitions in a piecemeal fashion; and, (3) The claim had no substantive merit.

Two weeks after that petition was denied, Petitioner tried to have the United States Supreme Court hear the issues that had already been ruled upon and which had concluded this case. Certiorari was denied in June, 2004.

Now, ten years after the original trial and after all exhibits have been destroyed, Petitioner has filed the present Petition which, despite Petitioner's claims to the contrary, is yet one more re-hash of all of his previous arguments before all the Courts listed above. Petitioner claims that he is untrained in the law and unfamiliar with the English language and that he has had to have a fellow inmate assist him with this present Petition. Therefore, he believes that the law prohibiting piecemeal filings and raising appellate issues should not have to apply to him and that the questions he is raising are all new and could not have been raised before.

Petitioner is mistaken in this belief. These rules are in place to give finality to this case. Petitioner has presented absolutely nothing new that was not available to him when he waived a jury trial regarding his priors, when he appealed and when he filed his first habeas corpus petition. (Incidentally, even the copies of the transcripts Petitioner attaches to the present Petition clearly show that he was fully informed that he had the right to have a jury decide the issue of his prior convictions and that he clearly, voluntarily and knowingly waived that right.)

Petitioner has also raised an issue tried by many of his fellow inmates, but one that always fails – that is, the claim that when Petitioner was sentenced on an earlier case no one ever told him that it could be used to enhance a sentence in a future case.

While a defendant entering a guilty plea must be advised of the direct consequences of the conviction (People v. Walker (1991) 54 Cal.3d 1013, 1020), the possible future use of a conviction is a collateral rather than a direct consequence of that conviction. (People v. Bernal (1994) 22 Cal.App.4th 1455, 1457.) Petitioner and all repeat offenders should be aware of the

exact language of the statutes under which he was sentenced when he complains that he has already been punished for his prior crimes or that his previous agreement has been breached. This is a common error made by many repeat offenders. As the Fifth District Court stated in People v. White Eagle (1996) 48 Cal.App.4[th] 1511: "The most obvious flaw in appellant's argument is that he is not currently being punished for the robbery he committed in 1981. He is being punished under the sentencing provisions of section 667, subdivision (e) for the theft he committed in 1994. The 1994 offense is made a felony under section 666 as a result of his having suffered the 1981 conviction, but the 1994 petit theft and the 1981 robbery are two distinct offenses. ¶ Although his status as a repeat offender subjects him to harsher punishment under section 667, subdivision (e), and service of the prison term results in an enhancement of that term, he is not being punished for the 1981 robbery conviction. Recidivist statutes do not impose a second punishment for the first offense in violation of the double jeopardy clause of the United States Constitution. (Moore v. Missouri (1895) 159 U.S. 673, 677.) Moreover, the double jeopardy clause does not prohibit the imposition of multiple punishment for the same offense where the legislature has authorized multiple punishment. (Missouri v. Hunter (1983) 459 U.S. 359, 366.):" Id., at 1520.

Thus, clearly Petitioner's current sentence is not punishment for the earlier offenses committed, but for the fact that he is a repeat offender whom the Legislature believes should be subject to a greater penalty because he continually has committed new criminal offenses.

Thus, this petition is DENIED for all the reasons specified herein. It is further ordered that a copy of this Order be served upon Petitioner and the San Diego District Attorney, Appellate Division.

IT IS SO ORDERED.

DATED: _____1/10/07_____

_____
FREDERICK MAGUIRE
JUDGE OF THE SUPERIOR COURT

I hereby certify that the foregoing instrument is a full, true & correct copy of the original on file in this office, that said document has not been revoked, annulled or set aside, and it is in full force and effect.

Attest: JAN 1 0 2007 @ 4pm
_____
Clerk of the Superior Court of the State of California, in and for the County of San Diego

By _____ Deputy

-4-

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| ☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296<br>☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 1701 MISSION AVE., OCEANSIDE, CA 92054-7102 | **F I L E D**<br>Clerk of the Superior Court<br><br>JAN 1 2 2007<br><br>By:_____, Deputy |
| PLAINTIFF(S)/PETITIONER(S)<br><br>The People of The State of California | |
| DEFENDANT(S)/RESPONDENT(S)<br><br>JAVIER MENDEZ VELAZQUEZ<br>A.K.A. GILBERTO BENITEZ | JUDGE: ____<br><br>DEPT: ____ |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL**<br>(CCP 1013a(4)) | CASE NUMBER<br><br>HC 16083 -4TH PETITION<br>HC 18708<br>SCD 111483 |

I certify that:  I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:  ☒ San Diego   ☐ Vista   ☐ El Cajon
☐ Chula Vista   ☐ Oceanside   ☐ Ramona, California.

<u>NAME</u>

JAVIER MENDEZ VELAZQUEZ
A.K.A. GILBERTO BENITEZ


SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE
APPELLATE DIVISION

<u>ADDRESS</u>

CDC# K-18611
PO BOX 8487
LANCASTER, CA 93539


P.O. BOX 121011
SAN DIEGO, CA 92112-1011



CLERK OF THE SUPERIOR COURT

Date: <u>01/12/07</u>          By _____, Deputy


SDSC CIV-286(Rev 11-99)          **CLERK'S CERTIFICATE OF SERVICE BY MAIL**

# EXHIBIT B

# Court of Appeal

FOURTH APPELLATE DISTRICT

Division One

750 B Street, Suite 300

San Diego, CA 92101

www.courtinfo.ca.gov/courts/courtsofappeal

(619) 645-2760

April 04, 2007

RE:   THE PEOPLE,
       Plaintiff and Respondent,
       v.
       GILBERTO BENITEZ,
       Defendant and Appellant.
       **D050535**
       **San Diego County No. SCD111483**

Dear Appellant:

     The record on appeal has been filed this date and assigned the above number. The opening brief is due 40 days from this date.

     Our records show you are not represented by an attorney. If you have hired one, you must tell us his or her name and address so we will know where to send notices and other communications. If you are indigent, you are entitled to a free attorney, but first you must complete and sign the enclosed Request for Appointment of Attorney form and mail it to Appellate Defenders, Inc., 555 West Beech St., Suite 300, San Diego, CA 92101-2936. If you have already sent in a Request for Appointment of Counsel form to Appellate Defenders, Inc., no further action is required. If additional information is needed, Appellate Defenders will contact you.

     Appellate Defenders, Inc. will arrange for appointment of counsel. Please note that you have no right to represent yourself on an appeal (*Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.* (2000) 528 U.S. 152, 163-164; *People v. Massie* (1998) 19 Cal.4th 550, 570) and you may not file supplemental appellate briefs unless the court asks you to do so.

STEPHEN M. KELLY, CLERK

BY: _____

Deputy Clerk

cc: All Parties

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

THE PEOPLE,
Plaintiff and Respondent,

v.

GILBERTO BENITEZ,
Defendant and Appellant.
D050535
San Diego County No. SCD111483

FILED
Stephan M. Kelly, Clerk

MAY - 1 2007

Court of Appeal Fourth District

THE COURT:

    The notice of appeal and clerk's transcript have been read and considered by Presiding Justice McConnell and Associate Justices Huffman and McIntyre.  Although Gilberto Benitez captioned his petition for relief in the San Diego Superior Court as a "Petition for Writ of Error Coram Novis (sic)," the superior court correctly treated the petition as a petition for writ of habeas corpus based on the record provided and the relief sought.  An order summarily denying a petition for a writ of habeas corpus is not appealable.  The appeal is DISMISSED.  The clerk of the court is directed to return Gilberto Benitez's "Informal Opening Brief on Appeal of Order Dated January 10, 2007" received on April 25, 2007, to Mr. Benitez.

_____
Presiding Justice

cc:  All Parties

# EXHIBIT C

Court of Appeal, Fourth Appellate District, Div. 1 - No. D050535
**S153494**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

GILBERTO BENITEZ, Defendant and Appellant.

The petition for review is denied.

SUPREME COURT
**FILED**

JUL 1 8 2007

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**

Chief Justice

# EXHIBIT D

**3** P&S     **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| | |
|---|---|
| Date HONORABLE: DECEMBER 26 1984 | DEPT. SEN. |
| ROBERT J HIGA    JUDGE | HASTINGS/PATCH   Deputy Clerk |
| C FASCIANO    Deputy Sheriff | J LIBERTY   Reporter |
| CASE NO. 307   A463392 | (Parties and counsel checked if present) |

Counsel for People: **S. Carbaugh**

PEOPLE OF THE STATE OF CALIFORNIA
vs
**01 GONZALEZ GILBERT**    DEPUTY DISTRICT ATTY:

CHARGE    211   01CTS    Counsel for Defendant: **SEIBERLING DPD**
(BOX CHECKED IF ORDER APPLICABLE) X   **034321**

| NATURE OF PROCEEDINGS | P&S | ADM 12022-B-ALG. REM | 10-01-84 |
|---|---|---|---|

71 ☐ ..................

72 ☐ ..............................IS SWORN AS THE ENGLISH/.........................................INTERPRET.

73 ☐ CRIMINAL PROCEEDINGS ADJOURNED/RESUMED.

74 ☐ DEFENDANT ORDERED DELIVERED TO DEPARTMENT OF CORRECTIONS PER SECTION 1203.03 PENAL CODE.

75 ☐ ON..................................................MOTION, PROBATION AND SENTENCE HEARING CONTINUED TO..................
     AT.........A.M. IN DEPT.....................☐ SUPPLEMENTAL PROBATION REPORT/PROGRESS REPORT ORDER

76 ☐ DEFENDANT PERSONALLY AND ALL COUNSEL WAIVE TIME FOR SENTENCING.

77 ☒ PROBATION DENIED. SENTENCE IS IMPOSED AS FOLLOWS:
  ☒ IMPRISONED IN STATE PRISON FOR ☐ TERM PRESCRIBED BY LAW. ☒ TOTAL OF *2* YEARS.
  ☒ COURT SELECTS THE *low* TERM OF *2* YEARS FOR THE BASE TERM AS TO COUNT ......
  ☐ PLUS.....(plus)...YEAR(S) PURSUANT TO PENAL CODE SECTION......
  ☐ PLUS ...... AS INDICATED IN BOX AT RIGHT OF BELOW.
  ☐ COMMITTED TO CALIFORNIA YOUTH AUTHORITY. THE TERM OF IMPRISONMENT TO WHICH THE DEFENDANT WOULD HAVE BEEN SENTENCED PURSUANT TO SECTION 1170 PENAL CODE IS.................YEARS.
  ☐ IMPRISONED IN LOS ANGELES COUNTY JAIL FOR TERM OF......
  ☐ FINED IN SUM OF $.............. PLUS ASSESSMENT, TO BE PAID TO COUNTY CLERK.

78 ☐ SENTENCE IS SUSPENDED.

79 ☐ PROCEEDINGS SUSPENDED.

80 ☐ PROBATION GRANTED FOR A PERIOD OF............................YEARS. (SEE CONDITIONS LISTED BELOW).

81 ☐ PROBATION TO BE WITHOUT FORMAL SUPERVISION.
  1 ☐ SPEND FIRST.........IN COUNTY JAIL. ☐ ROAD CAMP OR HONOR FARM RECOMMEND
    ☐ WORK FURLOUGH PROGRAM RECOMMENDED. ☐ NOT TO BE ELIGIBLE FOR COUNTY PAROLE.
  2 ☐ PAY FINE OF $.........PLUS SURCHARGE OF $5.00 PURSUANT TO SECTION 1206.5 PENAL CODE ☐ PLUS ADDITIO
    FINE OF $50.00/$........PURSUANT TO SECTION 11372.5 HEALTH AND SAFETY CODE. TOTAL FINE OF $........PI
    ASSESSMENT TO BE PAID TO COUNTY CLERK/PROBATION OFFICER IN SUCH AMOUNT AND MANNER AS HE SHALL PRESCRI
  3 ☐ MINIMUM PAYMENT OF FINE/RESTITUTION TO BE $..........
  4 ☐ MAKE RESTITUTION THROUGH PROBATION OFFICER IN SUCH AMOUNT AND MANNER AS HE SHALL PRESCRIBE.
    ☐ TOTAL AMOUNT OF RESTITUTION TO INCLUDE A 2% SERVICE CHARGE AS AUTHORIZED BY SECTION 279 WELFARE & INST. CO
  5 ☐ NOT DRINK ANY ALCOHOLIC BEVERAGE AND STAY OUT OF PLACES WHERE THEY ARE THE CHIEF ITEM OF SALE.
  6 ☐ NOT USE OR POSSESS ANY NARCOTICS, DANGEROUS OR RESTRICTED DRUGS OR ASSOCIATED PARAPHERNALIA, EXCEPT W
    VALID PRESCRIPTION, AND STAY AWAY FROM PLACES WHERE USERS CONGREGATE.
  7 ☐ NOT ASSOCIATE WITH PERSONS KNOWN BY YOU TO BE NARCOTIC OR DRUG USERS OR SELLERS.
  8 ☐ SUBMIT TO PERIODIC ANTI-NARCOTIC TESTS AS DIRECTED BY THE PROBATION OFFICER.
  9 ☐ HAVE NO BLANK CHECKS IN POSSESSION. NOT WRITE ANY PORTION OF ANY CHECKS, NOT HAVE BANK ACCOUNT UPON WH
    YOU MAY DRAW CHECKS.
  10 ☐ NOT GAMBLE OR ENGAGE IN BOOKMAKING ACTIVITIES OR HAVE PARAPHERNALIA THEREOF IN POSSESSION, AND NOT BE PRESI
    IN PLACES WHERE GAMBLING OR BOOKMAKING IS CONDUCTED.
  11 ☐ NOT ASSOCIATE WITH............
  12 ☐ COOPERATE WITH PROBATION OFFICER IN A PLAN FOR............
  13 ☐ SUPPORT DEPENDENTS AS DIRECTED BY PROBATION OFFICER.
  14 ☐ SEEK AND MAINTAIN TRAINING, SCHOOLING OR EMPLOYMENT AS APPROVED BY PROBATION OFFICER.
  15 ☐ MAINTAIN RESIDENCE AS APPROVED BY PROBATION OFFICER.
  16 ☐ SURRENDER DRIVER'S LICENSE TO CLERK OF COURT TO BE RETURNED TO DEPARTMENT OF MOTOR VEHICLES.
  17 ☐ NOT DRIVE A MOTOR VEHICLE UNLESS LAWFULLY LICENSED AND INSURED.
  18 ☐ NOT OWN, USE OR POSSESS ANY DANGEROUS OR DEADLY WEAPONS.
  19 ☐ SUBMIT PERSON AND PROPERTY TO SEARCH OR SEIZURE AT ANY TIME OF THE DAY OR NIGHT BY ANY LAW ENFORCEM
    OFFICER WITH OR WITHOUT A WARRANT.
  20 ☐ OBEY ALL LAWS, ORDERS, RULES AND REGULATIONS OF THE PROBATION DEPARTMENT AND OF THE COURT.
  21 ☐ PAY COSTS OF PROBATION SERVICES IN AN AMOUNT AND MANNER AS DETERMINED BY PROBATION OFFICER.

82 ☒ DEFENDANT TO BE GIVEN CREDIT FOR *173* DAYS IN CUSTODY (INCLUDES *57* DAYS GOOD TIME/WORK TIME).

83 ☐ SENTENCE/COUNTS TO RUN CONSECUTIVELY TO/CONCURRENTLY WITH..................

84 ☐ STAY OF EXECUTION GRANTED TO............

85 ☐ ON MOTION OF PEOPLE/ COUNTS..................................DISMISSED IN FURTHERANCE OF JUSTI

86 ☐ COURT ADVISES DEFENDANT OF HIS APPEAL/PAROLE RIGHTS.

87 ☒ FURTHER ORDER AS FOLLOWS/ADDITIONAL CONDITIONS OF PROBATION: *Pay $100 restitution fine pursuant to Govt Code 13967(a).*
*(X) Low term existence pursuant to new settlement*

*(X) Written notice served re Certificate of rehabilitation & pardon*

88 ☐ SHERIFF IS ORDERED TO ALLOW DEFENDANT............PHONE CALLS AT DEFENDANT'S OWN EXPENSE.

89 ☐ DEFENDANT FAILS TO APPEAR WITH/WITHOUT SUFFICIENT EXCUSE. ☐ BAIL FORFEITED ☐ O.R. REVOKED

90 ☐ BENCH WARRANT ORDERED ISSUED AND HELD UNTIL............ ☐ NO BAIL ☐ BAIL FIXED AT $..........

91 ☐ DEFENDANT APPEARING BENCH WARRANT ORDERED RECALLED/QUASHED ( ) RECALL NO.......... ( ) WRITTEN ( ) ABSTRACT FILED.

| ☐ REMANDED | ☐ BAIL | ☐ BAIL EXON. | ☐ BOND NO. | MINUTES ENTERED |
|---|---|---|---|---|
| ☐ RELEASED | | ☐ O.R. DISCHARGED | ☐ ON PROBATION | DEC 26 1984 |
| | | MINUTE ORDER | ☐ IN CUSTODY OTHER MATTER 307 | COUNTY CLERK |

3

# EXHIBIT ϵ

# Certificate

## of

## Recognition

This certificate is hereby awarded to

### Gilberto  Benitez

for his continuous participation in the
Alcoholics/Narcotics Anonymous Self-Help
Group for one (1) year and seven (7) months!

California State Prison, Los Angeles County
Lancaster, California

Flora Z. Navarra, Staff Sponsor

November 5, 2006

# EXHIBIT F

F I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

MAR 1 1 1996

By SHERYL COOKER, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>　　　　　　　　　　　　　Plaintiff, | SC No. SCD  111483<br>DA No. P   057560 |
| v. | |
| GILBERTO MORENO BENITEZ,<br>aka JAVIER MENDEZ<br>3-15-96　　　　　Defendant(s) | INFORMATION |

## I N F O R M A T I O N
## S U M M A R Y

| Ct.<br>No. | Charge | Sentence<br>Range | Defendant | Special<br>Allegation | Alleg.<br>Effect |
|---|---|---|---|---|---|
| 1 | HS11360(a) | 2-3-4 | BENITEZ, GILBERTO MOR | | |
| 2 | HS11359 | 16-2-3 | BENITEZ, GILBERTO MOR | | |
| 3 | HS11366.8(a) | 16-2-3 | BENITEZ, GILBERTO MOR | | |
| 4 | PC1320.5 | 16-2-3 | BENITEZ, GILBERTO MOR | | |

　　　　PC667(d)(e)　　　　　THREE STRIKES PRIOR

The District Attorney of the County of San Diego, State of California, accuses the Defendant of committing, in the County of San Diego, State of California, the following crime(s):

COUNT　1 - TRANSPORTATION OF MORE THAN 28.5 GRAMS OF MARIJUANA

On or about March 15, 1995, GILBERTO MORENO BENITEZ did unlawfully transport, offer, and attempt to transport more than 28.5 grams of marijuana, in violation of HEALTH AND SAFETY CODE SECTION 11360(a).

COUNT　2 - POSSESSION OF MARIJUANA FOR SALE

On or about March 15, 1995, GILBERTO MORENO BENITEZ did unlawfully possess marijuana for sale, in violation of HEALTH AND SAFETY CODE SECTION 11359.

COUNT   3 - USING FALSE COMPARTMENT TO SMUGGLE DRUGS

On or about March 15, 1995, GILBERTO MORENO BENITEZ did unlawfully possess, use, and control a false compartment with the intent to store, conceal, smuggle, and transport a controlled substance within the false compartment, in violation of HEALTH AND SAFETY CODE SECTION 11366.8(a).

COUNT   4 - FAILURE TO APPEAR WHILE ON BAIL

On or about March 31, 1995, GILBERTO MORENO BENITEZ was a person who was charged with the commission of a felony who was released from custody on bai and, in order to evade the process of the court, willfully and unlawfully failed to appear as required, in violation of PENAL CODE SECTION 1320.5.

NO PROBATION PRIOR, GILBERTO MORENO BENITEZ :  And, it is further alleged that said defendant, GILBERTO MORENO BENITEZ, was on or about November 13, 1981  in the Superior  Court of the State of California  for the County of San Diego, convicted of the State of California for the County of San Diego, convicted of a felony, to wit: Robbery While Armed With a Firear PC211/12022(a), CRS55666; and was on or about November 27, 1984, in the Superior  Court of the State of California  for the County of Los Angeles, convicted of a felony, to wit: Robbery With Personal Use of a Deadly Weapon PC211/12022(b), case No.  A463392; and was on or about August 6, 1990, in th Superior  Court of the State of California  for the County of San Diego, convicted of a felony, to wit: Receiving Stolen Property, PC496.1, CR115445 and was on or about October 2, 1992, in the Superior  Court of the State of California  for the County of San Diego, convicted of a felony, to wit: Pett Theft With a Prior Conviction, PC666/484, SF72614, within the meaning of Penal Code Section 1203(e)(4).

FIRST  PRISON PRIOR, GILBERTO MORENO BENITEZ :  And, it is further alleged that said defendant, GILBERTO MORENO BENITEZ, was on or about November 13, 1981, in the Superior Court of the State of California for the County of San Diego, convicted of a felony, to wit: Robbery While Armed With a Firearm, in violation of Penal Code sections 211 and 12022(a), CRS55666; and was on or about November 27, 1984, in the Superior Court of the State of California fc the County of Los Angeles, convicted of a felony, to wit: Robbery With Personal Use of a Deadly Weapon, in violation of Penal Code sections 211 and 12022(b), case No.A463392, and served a separate prison term for such offenses and that he has not remained free of prison custody and free of the commission of an offense resulting in a felony conviction for five years subsequent to his release from prison for the above said felonies, within th meaning of Penal Code section 667.5(b).

SECOND PRISON PRIOR, GILBERTO MORENO BENITEZ : And, it is further alleged that said defendant, GILBERTO MORENO BENITEZ, was on or about August 6, 199 in the Superior Court of the State of California for the County of San Dieg convicted of a felony, to wit: Receiving Stolen Property, in violation of Penal Code section 496.1, CR115445, and served a separate prison term for such offense and that he has not remained free of prison custody and free o the commission of an offense resulting in a felony conviction for five year subsequent to his release from prison for the above said felony, within the meaning of Penal Code section 667.5(b).

THIRD PRISON PRIOR, GILBERTO MORENO BENITEZ : And, it is further alleged that said defendant, GILBERTO MORENO BENITEZ, was on or about October 2, 1992, in the Superior Court of the State of California for the County of Sa Diego, convicted of a felony, to wit: Petty Theft With a Prior Conviction, in violation of Penal Code sections 666 and 484, SF72614, and served a separate prison term for such offense and that he has not remained free of prison custody and free of the commission of an offense resulting in a felo conviction for five years subsequent to his release from prison for the abo said felony, within the meaning of Penal Code section 667.5(b).


And, it is further alleged pursuant to Penal Code section 667(b) throug (i) and Penal Code section 1170.12, that the defendant GILBERTO MORENO BENITEZ, has suffered the following prior convictions of serious and violen felonies and juvenile adjudications:

FIRST PRIOR: On or about November 13, 1981 in the Superior Court of the State of California for the County of San Diego said defendant was convicte of Robbery, in violation of Penal Code section 211, CRS55666;

SECOND PRIOR: On or about November 27, 1984 in the Superior Court of the State of California for the County of Los Angeles said defendant was convicted of Robbery With Personal Use of a Deadly Weapon, in violation of Penal Code sections 211 and 12022(b), case No.A463392.

THIS INFORMATION NUMBERED SCD 111483, CONSISTS OF 4 COUNT(S).

PAUL J. PFINGST.
DISTRICT ATTORNEY
County of San Diego,
State of California

DATED 03/05/1996

BY: _____

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Gilberto Benitez**

2254 ✓ 1983
**FILING FEE PAID**
Yes ___ No ✓
**IFP MOTION FILED**
Yes ___ No ✓ (IN U.S. PLAINTIFF CASES ONLY)
**COPIES SENT TO**
Court ✓ ProSe

DEFENDANTS
**Hernandez, et al**

**FILED**
JAN 2 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Gilberto Benitez
480 Alta Road
San Diego, CA 92179
K-18611

ATTORNEYS (IF KNOWN)

**'08 CV 0154 BTM BLM**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff     ☒ 3 Federal Question
                                    (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)**     **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23     DEMAND $     Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE     Docket Number

DATE     1/24/2008     SIGNATURE OF ATTORNEY OF RECORD  *R. Miller*